# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/08/2020 02:21 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
Case 2:20-cv-07253 Document 1-1 Filed 08/12/20 Page 2 of 19 Page ID #:9
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Scheper

MARCUS A. MANCINI, ESQ. (State Bar No.146905)
VADIM YEREMENKO, ESQ. (State Bar No. 269804)
vadimy@mamlaw.net
IMRAN RAHMAN, ESQ.(State Bar No. 308148)
irahman@mamlaw.net
ALEX HADJIAN, Esq., State Bar No. 327534
ahadjian@mamlaw.net
**MANCINI & ASSOCIATES**
A Professional Law Corporation
15303 Ventura Boulevard, Suite 600
Sherman Oaks, CA 91403
(818) 783-5757   Phone
(818) 783-7710   Fax

Attorneys for Plaintiff **JOSE SANCHEZ**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JOSE SANCHEZ,<br><br>       Plaintiff,<br><br>vs.<br><br>O'REILLY AUTOMOTIVE STORES, INC.;<br>and DOES 1 through 100, Inclusive,<br><br>       Defendants. | Case No. 20STCV17659<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES:**<br><br>**(1)** **FOR VIOLATION OF CALIFORNIA LABOR CODE §§200 ET. SEQ. [Wages and Overtime];**<br><br>**(2)** **FOR VIOLATION OF CALIFORNIA LABOR CODE §§226.7 and 500 ET. SEQ. (Break Violations);**<br><br>**(3)** **FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 ET. SEQ. [Unfair Business Practices];**<br><br>**(4)** **FOR VIOLATION OF CALIFORNIA LABOR CODE §§1102.5 ET. SEQ. [Whistleblower Statute];**<br><br>**(5)** **FOR VIOLATION OF CALIFORNIA LABOR CODE §98.6 ET SEQ. [Labor Code Complaints];**<br><br>**(6)** **FOR RETALIATION AND WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY.** |

1

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1
2
3
4
5
6

)
)
)
)
)
)
)
)
)
)
)
)
)

**JURY TRIAL DEMANDED**

**UNLIMITED JURISDICTION:**
**CASE VALUE IN EXCESS OF**
**$25,000.00**

7    **COMES NOW** Plaintiff **JOSE SANCHEZ** (hereinafter referred to as "SANCHEZ" or

8  "Plaintiff") and complains against the above-named Defendants and for causes of action against

9  the Defendants, and each of them, alleges as follows:

10                                                    **I.**

11                                    **FIRST CAUSE OF ACTION**

12                        **(For Failure to Pay Wages/Overtime Compensation**

13                              **in Violation of <u>Labor Code</u> §§200 et seq.,**

14                        **Against All Defendants and DOES 1 -100, Inclusive)**

15        1.    At all times mentioned herein, Plaintiff was, and now is, an individual

16  residing in the County of Los Angeles, State of California.

17        2.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

18  herein, Defendant O'REILLY AUTOMOTIVE STORES, INC. (hereinafter referred to collectively

19  with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown

20  duly organized and existing under the laws of the State of California, having its principal place of

21  business in the County of Los Angeles, State of California.

22        3.    Plaintiff is ignorant of the true names and capacities, whether corporate, associate,

23  successor, alter ego, fictitious, individual or otherwise, of Defendants sued herein as DOES 1 -

24  100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names.

25  Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of

26  the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and

27  believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally

28  responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  hereinafter alleged and caused injuries and damages proximately thereby to the plaintiff, as

2  hereinafter alleged.

3      4.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

4  herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent,

5  principal, owner, partner, integrated enterprise, unit, division, subsidiary, wholly owned subsidiary,

6  partially owned subsidiary, joint venturer, joint employer, direct employer, special employer, client

7  employer, labor contractor, alter ego, representative, supervisor, manager, servant, employee and/or

8  co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within

9  the course and scope of said agency and employment, and that all acts or omissions alleged herein

10  were duly committed with the ratification, knowledge, permission, encouragement, authorization

11  and consent of each Defendant designated herein.

12      5.    At all times herein mentioned, until Plaintiff's wrongful termination on or about

13  May 10, 2020, Plaintiff was employed as a Store Manager by Defendants and DOES 1 through

14  100, Inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's

15  employers, managers and supervisors.

16      6.    Prior to January 14, 2019, Defendants' Regional Manager JOSE MONTELLANOS

17  promised and represented to Plaintiff that he would be paid at the rate of $60,000 annually.

18      7.    In fact, Plaintiff was never paid at the promised and represented annual amount of

19  $60,000, but at an amount believed to be $52,000.

20      8.    Plaintiff was working eleven to twelve (11-12) hors per day, between three to four

21  (3-4) hours of overtime per day, Tuesdays through Saturdays.

22      9.    In or around early April 2019, Plaintiff asked his Manager PETER GUERRERO

23  about the promised salary amount of $60,000.  GUERRERO now told Plaintiff that he was to be

24  paid $55,000 during his ninety (90) day "probation period," and would be paid $60,000 afterwards.

25  Plaintiff also asked about missing hours on his paycheck, and it was promised and represented that

26  it would be fixed.  In the same meeting, Defendants' Regional Manager claimed that Plaintiff had

27  not filled out any time cards and/or filled them out correctly.  Plaintiff asked to see the "time

28  cards," which showed virtually all lunches were "waived."  Plaintiff pointed out that in some

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1 instances, he would take a half-hour (½) lunch, but never a one (1) hour as the locations were

2 always short-staffed.

3    10.    Plaintiff suspected that his time cards were being filled out by other people, and

4 went to two (2) separate locations he had worked out to request his, and was denied them.

5    11.    Plaintiff contacted his Manager PETER GUERRERO about the time cards, but it

6 appeared that GUERRERO had been notified by another Store Manager ERIC HERNANDEZ

7 about Plaintiff's inquiries, because GUERRERO angrily told Plaintiff "Why are you causing

8 problems?!" Plaintiff responded "You are stealing my hours, and are not paying me for th ones

9 I'm working!" GUERRERO immediately retaliated against Plaintiff for his complaints and

10 protests, informing Plaintiff he would only be working eight (8) hours from that point forward.

11    12.    On or about May 1, 2019, Plaintiff was ordered into another meeting with another

12 Regional Manager JOSE MONTELLANO and Manager PETER GUERRERO, now promising and

13 representing to Plaintiff that Plaintiff's hours would be fixed and he would be paid. Plaintiff told

14 them that he had heard that promise before and nothing had been fixed. Plaintiff also realized that

15 either GUERRERO, or someone at his behest, was changing/altering/modifying Plaintiff's time

16 cards.

17    13.    On or about May 10, 2019, Plaintiff was once again ordered into a meeting by

18 Regional Manager JOSE MONTELLANO, who informed Plaintiff "You're still on probation

19 period, therefore I'm deciding to separate employment. You're not a candidate to become

20 O'REILLY material. At this time, I'll give you paperwork so you can collect unemployment."

21    14.    On or about May 10, 2019, Defendants, and each of them, retaliated against and

22 wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that

23 Plaintiff had not passed his probation and was not "O'REILLY'S material."

24    15.    Incredibly, when Plaintiff attempted to collect unemployment, it was denied him

25 because Defendants, and each of them, had represented to the EDD that Plaintiff was terminated

26 for "violating Company policy."

27    16.    A majority of Plaintiff's duties were non-managerial and/or non-supervisorial,

28 entitling Plaintiff to rest breaks, meal breaks, overtime pay and vacation pay.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

17.     Beginning in or around January 2019 and continuing at least until May 10, 2019, and continuing, Defendants, and each of them, failed to properly, or at all, pay Plaintiff wages, overtime wages, failed to deduct the required amounts, and failed to provide Plaintiff with the required benefits.

18.     At all times relevant herein, Plaintiff was employed by Defendants, and each of them, and was non-exempt from the requirements that Plaintiff be paid overtime for all hours that Plaintiff worked in excess of eight (8) hours in a work day and in excess of forty (40) hours in a work week.

19.      Defendants, and each of them, violated this law by failing and refusing to keep adequate time records and failing to pay Plaintiff for wages and/or overtime worked.

20.     During the period of Plaintiff's employment with Defendants, and each of them, Plaintiff worked many hours of overtime for which Plaintiff never received compensation.

21.     Plaintiff complained of Defendants failure to pay overtime, and was retaliated against and wrongfully terminated on May 10, 2019.  When Plaintiff was wrongfully terminated, Plaintiff's complaints of failure to pay wages, overtime wages and benefits was a motivating factor and/or reason in Plaintiff's termination.

22.     As a result of the aforesaid acts of Defendants, and each of them, Plaintiff was denied wages, overtime and benefits to which Plaintiff was entitled, all to Plaintiff's damage within the jurisdiction of this Court, subject to proof at the time of trial.  Plaintiff claims such amounts as damage, together with prejudgment interest as provided by law.

23.     As a result of the wrongful acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to treble damages and additional damages as specifically provided in California Labor Code §§ 202, 203 and 206.

24.     As a result of the wrongful acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Labor Code §§218.5 and 1194(a).

/ / /

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## II.

### SECOND CAUSE OF ACTION

**(For Rest Period and Break Violations [California Labor Code §§226.7 and 512 et seq.]**

**Against All Defendants and DOES 1 -100, Inclusive)**

25.     Plaintiff incorporates herein by reference Paragraphs 1 through 24 of this Complaint as though set forth in full herein.

26.     Beginning in or around January 2019 and continuing until at least through May 10, 2019, Defendants, and each of them, failed to allow Plaintiff to take the mandated and required rest periods, and failed to provide Plaintiff with the required benefits.

27.     During the period of Plaintiff's employment, and continuing, Plaintiff made numerous and repeated complaints to employees, managers, supervisors and managing agents of Defendants, and each of them, of the fact that Plaintiff was not being granted the mandated and required rest periods in violation of Labor Code §§226.7 and 512, the last being only several weeks before Plaintiff's wrongful constructive termination.

28.     Said actions by Defendants, and each of them, were in violation of Labor Code §§226.7 and 512 et seq., mandating and requiring that employers give employees rest periods and meal breaks in accordance with all applicable orders of the Industrial Welfare Commission, including, but not limited to, Order 4-2001, subdivisions (11) and (12).

29.     Defendants, and each of them, retaliated against Plaintiff by continuing to deny Plaintiff rest periods and meal breaks, and wrongfully terminated Plaintiff on or about May 10, 2019.  Plaintiff's complaints of failure to grant rest periods was a motivating reason in Defendants' conduct.

30.     As a result of the aforesaid acts of Defendants, and each of them, Plaintiff was denied wages and benefits to which Plaintiff was entitled, all to Plaintiff's damage within the jurisdiction of this Court, subject to proof at the time of trial.  Plaintiff claims such amounts as damage, together with prejudgment interest as provided by law.

/ / /

/ / /

6

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    31.    As a result of the wrongful acts of Defendants, and each of them, as alleged herein,

2  Plaintiff is entitled to damages, penalties and reasonable attorneys' fees and costs of said suit as

3  specifically provided for, but not limited to, California Labor Code §§226.7, 512 and 558.

4                                                    **III.**

5                                    **THIRD CAUSE OF ACTION**

6           **(Violation Of California Business and Professions Code §17200**

7                                     **(Unfair Business Practices)**

8                         **Against all Defendants and DOES 1-100, Inclusive)**

9    32.    Plaintiff incorporates herein by reference Paragraphs 1 through 31 of this Complaint

10  as though set forth in full herein.

11    33.    California Business and Professions Code §17200 et seq. prohibits unfair business

12  practices by employers including, but not limited to, (1) Failing and refusing to pay employees

13  wages and/or overtime in violation of California Labor Code §200 et seq.; (2) Failing and refusing

14  to grant employees rest periods in violation of California Labor Code §226 and 512 et seq.; and (3)

15  Retaliating and Terminating employees for expected and/or actual complaints of violations of State

16  and/or Federal law.

17    34.    During the period of Plaintiff's employment, and continuing, Plaintiff made

18  numerous and repeated complaints of Defendants' Unfair Business Practices to employees,

19  managers, supervisors and managing agents of Defendants, and each of them, of Defendants' (1)

20  Defendants' failure and refusal to pay Plaintiff wages and overtime in violation of California Labor

21  Code §200 et seq.; (2) Failing and refusing to grant employees rest periods in violation of

22  California Labor Code §226 and 512 et seq.; and (3) Retaliating and Terminating employees for

23  expected and/or actual complaints of violations of State and/or Federal law.

24    35.    Defendants, and each of them, retaliated against Plaintiff for complaining about the

25  Unfair Business Practices by Defendants, and each of them, and wrongfully terminated Plaintiff on

26  or about May 10, 2019.  Plaintiff's complaints of Unfair Business Practices was a substantial factor

27  motivating and/or motivating reason in Defendants' conduct.

28  / / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

36.     By the aforesaid acts and conduct of Defendants, and each of them, has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which plaintiff will seek leave of court to amend when ascertained.

37.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

38.     As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

39.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents Plaintiff has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that he will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

40.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to

2  Plaintiff, who will pray leave of court to assert the same when they are ascertained.

3      41.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

4  this court.

5      42.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

6  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

7  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

8  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

9  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

10  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

11      43.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

12  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

13  provided in California Code of Civil Procedure §1021.5 and California Business and Professions

14  Code §17200 et seq.

15      44.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

16  herein, Plaintiff is entitled to multiple damages as specifically provided in California Business and

17  Professions Code §17200 et seq.

18                                    **IV.**

19                        **FOURTH CAUSE OF ACTION**

20          **(Violation Of California Labor Code §1102.5 (Whistle-Blower Statute)**

21                  **Against all Defendants and DOES 1-100, Inclusive)**

22      45.    Plaintiff incorporates herein by reference Paragraphs 1 through 44 of this Complaint

23  as though set forth in full herein.

24      46.    During the period of Plaintiff's employment, and continuing, Plaintiff observed,

25  noticed, was subjected to and, made numerous and repeated complaints to employees, managers,

26  supervisors and managing agents of Defendants, and each of them, of (1) Defendants' failure and

27  refusal to pay Plaintiff wages and/or overtime wages in violation of California Labor Code §200 et

28  seq.; (2) Defendants' failure and refusal to grant employees rest periods in violation of California

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   Labor Code §226 and 512 et seq.;   and (3) Defendants' unfair business practices in violation of

2   California Business and Professions Code §17200 et seq., including the failure to pay

3   wages/overtime and grant rest breaks.

4        47.      Defendants, and each of them, believed that Plaintiff did or might disclose

5   information to a law enforcement or government agency, or to a person with authority over

6   Plaintiff or another employee who has the authority to investigate, discover, or correct the violation

7   or noncompliance, or would provide information to, or testify before, any public body conducting

8   an investigation, hearing, or inquiry.

9        48.      By the acts herein alleged and in violation of California Labor Code §1102.5,

10  Defendants, and each of them made, adopted, and enforced rules, regulations, and policies

11  preventing Plaintiff from disclosing information to government and law enforcement agencies,

12  where Plaintiff had reasonable cause to believe that Plaintiff's employer, Defendants, were

13  violating labor, employment, wage and hour, safety, whistleblower and other laws.

14       49.      In retaliation for Plaintiff's disclosures to the Defendants that they were in violation

15  of the aforementioned laws, as herein alleged, Defendants, and each of them, instead wrongfully

16  terminated Plaintiff on or about May 10, 2019, in violation of California Labor Code §1102.5.

17  When Plaintiff was wrongfully terminated, Plaintiff's complaints of violations of State and/or

18  Federal law was/were a contributing factor and/or reason in Plaintiff's termination.

19       50.      By the aforesaid acts and conduct of Defendants, and each of them, has been

20  directly and legally caused to suffer actual damages pursuant to California Civil Code §3333

21  including, but not limited to, loss of earnings and future earning capacity, medical and related

22  expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary

23  loss not presently ascertained, for which plaintiff will seek leave of court to amend when

24  ascertained.

25       51.      As a direct and legal result of the acts and omissions of Defendants, and each of

26  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

27  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

28  discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1 who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this

2 time know the exact duration or permanence of said injuries, but is informed and believes, and

3 thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

4      52.    As a further legal result of the acts and omissions of the Defendants, and each of

5 them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

6 during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

7 Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an

8 amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount

9 of said expenses at the time of trial.

10      53.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

11 since said incidents Plaintiff has been unable to engage fully in Plaintiff's occupation, and is

12 informed and believes, and thereon alleges, that he will be incapacitated and unable to perform

13 Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an

14 amount which is at present unascertained. Plaintiff will pray leave of court to show the total

15 amount of loss of earnings at the time of trial.

16      54.    As a further direct and legal result of the acts and conduct of Defendants, as

17 aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

18 emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

19 discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to

20 Plaintiff, who will pray leave of court to assert the same when they are ascertained.

21      55.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

22 this court.

23      56.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

24 malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

25 of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

26 Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

27 managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

28 awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

11

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

57. As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

## V.

### FIFTH CAUSE OF ACTION

**(For Violation of California Labor Code §98.6 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

58. Plaintiff incorporates herein by reference Paragraphs 1 through 57 as though set forth in full herein.

59. Defendants' actions and conduct were in direct violation of California Labor Code §98.6 et seq., making it unlawful to (a) "discharge...or in any manner discriminate, retaliate, or take any adverse action against any employee...because the employee...engaged in any conduct delineated in [California Labor Code §§200, 226, 512 and §1102.5 et seq.]...or because of the exercise by the employee...on behalf of himself...or others...of any rights afforded him..."

60. When Defendants, and each of them, discriminated against, retaliated against and wrongfully terminated Plaintiff, they did so because Plaintiff complained about (1) Defendants' failure and refusal to pay Plaintiff wages and/or overtime wages in violation of California Labor Code §200 et seq.; and (2) Defendants' failure and refusal to grant employees rest periods in violation of California Labor Code §226 and 512 et seq.

61. By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

62. As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1 discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff,

2 who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this

3 time know the exact duration or permanence of said injuries, but is informed and believes, and

4 thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

5      63.      As a further legal result of the acts and omissions of the Defendants, and each of

6 them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

7 during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

8 she will in the future be forced to incur additional expenses of the same nature, all in an amount

9 which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said

10 expenses at the time of trial.

11      64.      Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

12 since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and

13 believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

14 usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

15 which is at present unascertained. Plaintiff will pray leave of court to show the total amount of

16 loss of earnings at the time of trial.

17      65.      As a further direct and legal result of the acts and conduct of Defendants, as

18 aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

19 emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

20 discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to

21 plaintiff, who will pray leave of court to assert the same when they are ascertained.

22      66.      Plaintiff has been generally damaged in an amount within the jurisdictional limits of

23 this court.

24      67.      The aforementioned acts of Defendants, and each of them, were wilful, wanton,

25 malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

26 of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

27 Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

28 managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

2  68.  As a result of the discriminatory acts of Defendants, and each of them, as alleged

3  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

4  provided in California Code of Civil Procedure §1021.5.

5  69.  As a result of the discriminatory acts of Defendants, and each of them, as alleged

6  herein, Plaintiff is entitled to reinstatement and reimbursement of lost wages and work benefits as

7  specifically provided in California Labor Code §98.6(b)(2).

8  70.  As a result of the discriminatory acts of Defendants, and each of them, as alleged

9  herein, Plaintiff is entitled to a civil penalty in the amount of $10,000.00 as specifically provided in

10  California Labor Code §98.6(b)(3).

11  **VI.**

12  **SIXTH CAUSE OF ACTION**

13  **(For Retaliation and Wrongful Termination in Violation of Public Policy**

14  **Against Defendants and DOES 1 -100, Inclusive)**

15  71.  Plaintiff incorporates herein by reference Paragraphs 1 through 70 as though set

16  forth in full herein.

17  72.  At all times herein mentioned, the public policy of the State of California, as

18  codified, expressed and mandated in California Labor Code §1102.5, was to prohibit employers

19  from discriminating against, retaliating against and terminating any individual on the grounds of

20  their complaining of unlawful activity or refusing to commit an unlawful act (i.e. retaliation for:

21  complaints of unfair labor and/or employment practices, or the rights afforded employees under

22  California Labor Code §98.6; complaints of Defendants' failure and refusal to pay employees

23  wages and overtime in violation of California Labor Code §200 et seq.; complaints of Defendants'

24  failure and refusal to grant employees rest periods in violation of California Labor Code §226 and

25  512 et seq.; and complaints of Defendants' unfair business practices in violation of California

26  Business and Professions Code §17200 et seq.)  This public policy of the State of California is

27  designed to protect all employees and to promote the welfare and well being of the community at

28  large.  Accordingly, the actions of Defendants, and each of them, in discriminating, harassing and

14

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1 | retaliating and constructively terminating Plaintiff on the grounds alleged and described herein

2 | were wrongful and in contravention and violation of the express public policy of the State of

3 | California, to wit, the policy set forth in California Labor Code §1102.5, et seq., and the laws and

4 | regulations promulgated thereunder.

5 |        73.    At all times herein mentioned, the public policy of the State of California, as

6 | codified, expressed and mandated in California Labor Code §98.6, was to prohibit employers from

7 | discriminating and retaliating against any individual based on their complaints of unfair labor

8 | and/or employment practices, or the right afforded them under the California Labor Code ,

9 | including wage and hour and whistleblowing laws and complaining about potential and/or actual

10 | violations of State and/or Federal law.  This public policy of the United States is designed to

11 | protect all employees and to promote the welfare and well-being of the community at large.

12 | Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and

13 | terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination

14 | and retaliation, was wrongful and in contravention and violation of the express public policy of the

15 | State of California, to wit, the policy set forth in California Labor Code §98.6, and the laws and

16 | regulations promulgated thereunder.

17 |        74.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

18 | been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333

19 | including, but not limited to, loss of earnings and future earning capacity, medical and related

20 | expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

21 | loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

22 | ascertained.

23 |        75.    As a direct and legal result of the acts and omissions of Defendants, and each of

24 | them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

25 | externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

26 | discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,

27 | who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this

28 | time know the exact duration or permanence of said injuries, but is informed and believes, and

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1 | thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

2 |       76.    As a further legal result of the acts and omissions of the Defendants, and each of

3 | them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

4 | during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

5 | she will in the future be forced to incur additional expenses of the same nature, all in an amount

6 | which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said

7 | expenses at the time of trial.

8 |       77.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

9 | since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and

10 | believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

11 | usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

12 | which is at present unascertained. Plaintiff will pray leave of court to show the total amount of

13 | loss of earnings at the time of trial.

14 |       78.    As a further direct and legal result of the acts and conduct of Defendants, as

15 | aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

16 | emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

17 | discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to

18 | plaintiff, who will pray leave of court to assert the same when they are ascertained.

19 |       79.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

20 | this court.

21 |       80.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

22 | malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

23 | of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

24 | Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

25 | managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

26 | awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

27 | / / /

28 | / / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    81.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

2  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

3  provided in California Code of Civil Procedure §1021.5.

4    **WHEREFORE**, Plaintiff **JOSE SANCHEZ,** prays for judgment against the Defendants,

5  and each of them, as follows:

6    1.    For general damages in an amount within the jurisdictional limits of this

7        Court;

8    2.    For medical expenses and related items of expense, according to proof;

9    3.    For loss of earnings, according to proof;

10    4.    For loss of earning capacity, according to proof;

11    5.    For reasonable attorneys' fees and costs of said suit as specifically provided

12        in California Code of Civil Procedure §1021.5, according to proof;

13    6.    For damages, treble damages and additional damages as specifically

14        provided in California Labor Code §§ 202, 203 and 206, according to proof;

15    7.    For damages, reasonable attorneys' fees and costs of said suit as specifically

16        provided in California Labor Code §§218.5, 510 and 1194(a), according to

17        proof;

18    8.    For damages, penalties and reasonable attorneys' fees and costs of suit as

19        provided for in California Labor Code §§226.7, 512 and 558, according to

20        proof;

21    9.    For reasonable attorneys' fees and costs of said suit as specifically provided

22        in California Business and Professions Code §17200 et seq., according to

23        proof;

24    10.    For multiple damages as specifically provided in California Business and

25        Professions Code §17200 et seq., according to proof;

26    11.    For reinstatement and reimbursement of lost wages and work benefits as

27        specifically provided in California Labor Code §98.6(b)(2);

28  / / /

17

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

12.     For a civil penalty in the amount of $10,000.00 per violation as specifically provided in California <u>Labor Code</u> §98.6(b)(3);

13.     For prejudgment interest, according to proof;

14.     For punitive and exemplary damages, according to proof;

15.     For costs of suit incurred herein, according to proof; and

16.     For such other and further relief as the court may deem just and proper.

Dated: May 8, 2020

MANCINI & ASSOCIATES
A Professional Law Corporation

By:_____
MARCUS A. MANCINI, ESQ.
Attorneys for Plaintiff
**JOSE SANCHEZ**

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff JOSE SANCHEZ hereby demands trial by jury.

Dated: May 8, 2020

MANCINI & ASSOCIATES
A Professional Law Corporation

By:_____
MARCUS A. MANCINI, ESQ.
Attorneys for Plaintiff
**JOSE SANCHEZ**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**